UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20063-BLOOM/ Otazo-Reyes

AUGUST FUNDING LLC,

    Plaintiff,

v.

JONATHAN C. CASALI, et al.,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Binyamin Yitzchakov's ("Yitzchakov") Motion to Dismiss, ECF No. [19] ("Motion"), filed on May 5, 2023. Pursuant to Local Rule 7.1(c), a response to the Motion was due on May 19, 2023. Plaintiff August Funding LLC. failed to respond to the Motion by the applicable deadline or request an extension of time in which to do so.[1] The Court entered an Order to Show Cause requiring a response, if any, no later than May 26, 2023, and warning that failure to respond may be deemed sufficient cause for granting the Motion by default. ECF No. [20]. Plaintiff subsequently filed a Motion for Extension of Time, ECF No. [22] which the Court granted, requiring a response to the Motion to Dismiss on or before June 2, 2023. ECF No. [23]. Plaintiff has failed to file a response or request an additional extension of time in which to do so. As such, the Court proceeds to address the merits of the Motion without the benefit of a response. The Court has carefully reviewed the Motion, the record in this case, the

---

[1] Plaintiff's failure to respond constitutes an independent basis for the Motion to be granted. *See* Local Rule 7.1(c) ("each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."); *Arrington v. Hausman*, 2016 WL 782416, at *2 (S.D. Fla. Feb. 17, 2016) (Gayles, J.) (dismissing case for failing to respond to the motion to dismiss).

applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

I.     BACKGROUND

On January 6, 2023, Plaintiff initiated the instant action by filing a Complaint seeking enforcement of a New York court judgment (Count I), alleging breach of fiduciary duty (Count II), and alleging conspiracy (Count III) as to all Defendants. ECF No. [1]. On April 7, 2023, Yitzchakov filed his first motion to dismiss, ECF No. [13]. The other Defendants named in the case, JCT Group ("JCT"), Jonathan C. Casali ("Casali"), and Fund Now LLC ("Fund Now"), were dismissed on April 17, 2023, for failure to serve within 90 days. *See* ECF No. [15].[2]

On April 23, 2023, Plaintiff filed an Amended Complaint, requesting enforcement of a New York judgment as to Defendants Fund Now, Casali, and JCT (Count I), unjust enrichment as to Defendants Fund Now, Casali, and JCT (Count II), slander and defamation as to Defendants Fund Now, Casali, JCT, and Yitzchakov ("All Defendants")(Count III), and fraud as to Defendants Casali and JCT (Count IV). ECF No. [16].

Yitzchakov filed the instant Motion to Dismiss on May 5, 2023. ECF No. [19]. Therein, Yitzchakov argues that the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. Specifically, Yitzchakov argues that the only count of the Complaint which relates to Yitzchakov is Count III and Count III "is completely *devoid* of any allegations against Yitzchakov." *Id*. at 4 (emphasis in original). Yitzchakov further contends that Plaintiff failed to allege the element of publication necessary for a defamation claim.

As noted above, Plaintiff has filed no Response.

---

[2] Although Plaintiff subsequently filed proof of service of Defendants Fund Now, Casali, and JCT, ECF Nos. [27]-[30], Plaintiff has not moved to reinstate the dismissed Defendants.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

## III. DISCUSSION

As Yitzchakov correctly points out, Count III is the only count of Plaintiff's Amended Complaint that might apply to him as it is captioned "SLANDER AND DEFAMATION AS TO ALL DEFENDANTS." ECF No. [16] at 8. However, there are no allegations within Count III that specifically allege any wrongdoing by Yitzchakov. *See id*. Moreover, in paragraph 44 of the Amended Complaint, Plaintiff indicates that it is not presently proceeding against Yitzchakov. *Id*. ¶ 44. As such, the Amended Complaint fails to allege a cause of action against Yitzchakov, who is the only remaining Defendant in this case and dismissal is warranted.

Case No. 23-cv-20063-BLOOM/ Otazo-Reyes

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [19]**, is **GRANTED**.

2. The Amended Complaint, **ECF No. [16]**, is **DISMISSED WITHOUT PREJUDICE**.

3. All other pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED.**

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 5, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record