UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20063-BLOOM/ Otazo-Reyes

AUGUST FUNDING LLC,

    Plaintiff,

v.

JONATHAN C. CASALI, et al.,

    Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Reconsideration and to Alter or Amend the Court's Orders, ECF No. [33] ("Motion"), filed on June 9, 2023. Defendant Binyamin Yitzchakov ("Yitzchakov") filed a Response in Opposition, ECF No. [34], to which Plaintiff did not Reply. For the reasons set forth below, Plaintiff's Motion is denied.

    **I.**    **BACKGROUND**

On January 6, 2023, Plaintiff filed its Complaint seeking enforcement of a New York Judgment (Count I) and claiming breach of fiduciary duty (Count II), and conspiracy (Count III) against all Defendants. ECF No. [1]. On April 7, 2023, Yitzchakov filed his first Motion to Dismiss, ECF No. [13]. The other Defendants named in the case, JCT Group ("JCT"), Jonathan C. Casali ("Casali") and Fund Now LLC ("Fund Now") (collectively, the "Dismissed Defendants") were dismissed on April 17, 2023, for Plaintiff's failure to serve within 90 days. *See* ECF No. [15]. On April 23, 2023, Plaintiff filed an Amended Complaint, requesting enforcement of a New York Judgment as to Defendants Fund Now, Casali, and JCT (Count I), unjust enrichment as to Defendants Fund Now, Casali, and JCT (Count II), Slander and Defamation as

to Defendants Fund Now, Casali, JCT, and Yitzchakov ("All Defendants") (Count III), and fraud as to Defendants Casali and JCT (Count IV). ECF No. [16]. Although Plaintiff once again named the Dismissed Defendants in the Amended Complaint, ECF No. [16], and thereafter filed Proof of Service of the Dismissed Defendants, ECF Nos. [27]-[30], Plaintiff has not moved to reinstate the Dismissed Defendants

On May 5, 2023, Defendant Yitzchakov filed a Motion to Dismiss in which he argued that the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. ECF No. [19]. Plaintiff did not file a Response to the Motion to Dismiss. The Court granted Yitzchakov's Motion to Dismiss and closed the case, noting that all of the other named Defendants had been dismissed. ECF No. [32].

On June 9, 2023, Plaintiff filed the instant Motion seeking reconsideration. ECF No. [33]. Therein, Plaintiff argues that the Dismissed Defendants were validly joined and served with the Amended Complaint and the Court should therefore reopen the case and direct the Clerk of Court to enter default as to Defendants Casali, JCT, and Fund Now. *See generally* ECF No. [33]. Yitzchakov responds that the Motion is procedurally deficient because (1) Plaintiff failed to adequately provide certification pursuant to Local Rule 7.1(a)(3); and (2) Plaintiff fails to adequately address the grounds for reconsideration or why Plaintiff failed to comply with Orders issued by this Court. ECF No. [34].

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b)[1] provides bases for relief from a judgment or order. Fed. R. Civ. P. 60(b) provides in part, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (l) mistake, inadvertence,

---

[1] Although Plaintiff erroneously moves under Rule 59, the Court analyzes Plaintiff's Motion for reconsideration under Rule 60 since Rule 59 is clearly inapplicable as it governs post-trial procedures.

surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Rule 60(b)(6) is the "catch all" ground for relief under Rule 60(b). *See Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013) (quotation marks omitted).

"The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citations omitted). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made[.]" *Z.K. Marine*, 808 F. Supp. at 1563; *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to relitigate old matters[.]" (quotation marks omitted)). Rather, Rule 60(b) is intended to permit reconsideration "where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine*, 808 F. Supp. at 1563 (quotation marks omitted). In short, it is "an extraordinary remedy to be employed sparingly." *Burger King*, 181 F. Supp. 2d. at 1370 (citation omitted).

### III.    DISCUSSION

As an initial matter, Plaintiff titled its Motion a Consent Motion, and represents in its Local Rule 7.1 Certification that it conferred with the Dismissed Defendants "on or about 06/08/23 who consented to this relief sought in this Motion by their own admissions." ECF No. [33] at 7. Yitzchakov responds that "[t]he manner in which this statement is presented clearly raises

questions as to whether a proper conferral took place in accordance with L.R. 7.1(a)(3)." ECF No. [34] at 7. Yitzchakov further argues that the certification is deficient for failing to indicate the method and manner in which the conferral took place and the actual date and time of the conferral. *Id*. at 7-8. Yitzchakov's counsel points out that a prior motion for extension of time filed by Plaintiff's counsel in this case, ECF No. [22], was inappropriately characterized as unopposed where counsel had not had time to meaningfully confer. ECF No. [34] at 3-4, n.4.

The Court agrees that the certification within this Motion is deficient and potentially sanctionable because consent "by their own admissions" does not indicate whether counsel for the nonmoving parties actually consented to the requested relief or if they merely did not object within a certain time frame. Given that deficiency, the Court does not treat the instant Motion as a consent or unopposed Motion. However, in the interest of judicial efficiency, the Court proceeds to consider whether reconsideration is warranted.

Plaintiff argues that the basis for reconsideration is the Court's error in not recognizing "the valid joinder of Casali, JCT, and Fund Now by the Amended Complaint filed as a matter of right under Fed. R. Civ. P. 15(a)(1)." ECF No. [33] at 3. The Court interprets this argument as moving to reconsider based on clear error. Plaintiff cites multiple cases for the proposition that the standard for adding new parties under Rule 21 is the same standard as for amending a complaint under Rule 15. *See e.g., Brock v. City of Atlanta*, 2022 U.S. Dist. LEXIS 240701, at *3-4 (N.D. Ga. Nov. 28, 2022) (finding that an "amended complaint adding the City of Atlanta as a party was properly filed"). However, the cases Plaintiff cites in support of its position are inapposite because they do not involve instances of joinder of defendants who were previously dismissed for failure to timely serve. *See id.*; *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010); *Huangyan Imp. &*

*Exp. Corp. v. Nature's Farm Prods.*, 2000 U.S. Dist. LEXIS 12335, at *3-4. Each of those cases which Plaintiff cites instead address the joinder of a previously *unrelated* party.

Yitzchakov does not respond directly to the authority on joinder by amendment cited by Plaintiff but argues that Plaintiff "disregarded prior Orders issued by this Court, specifically by failing to comply with: 1) the Order Requiring Proof of Service within seven (7) days of effectuating service; and 2) the April 17, 2023 Order of Dismissal, in that Plaintiff has not established good cause for an extension of the deadline for effectuating service on the [Dismissed] Defendants." ECF No. [34] at 8-9.

Yitzchakov is correct. The Court dismissed the Dismissed Defendants for failure to timely serve prior to the filing of the Amended Complaint. ECF No. [15]. Before entering its Order of Dismissal, the Court entered an Order to File Proof of Service on February 7, 2023. ECF No. [11]. Therein, the Court cautioned Plaintiff that the service deadline was April 6, 2023, and further cautioned Plaintiff that its failure to serve the "summons and Complaint on Defendants by the stated deadline" would "result in dismissal without prejudice and without further notice." *Id*. at 1. Plaintiff never moved to reinstate the Dismissed Defendants, but claims, without citing any relevant case law, that it was proper to join those Dismissed Defendants by simply filing an Amended Complaint. *See* ECF No. [33].

Because Plaintiff has not supported its position with adequate supporting authority to demonstrate that the Court's prior Orders contained clear error, the Court declines to grant reconsideration. *See Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) ("Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.") (internal quotations and

5

Case No. 23-cv-20063-BLOOM/ Otazo-Reyes

citation omitted); s*ee also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (recognizing no basis for reconsideration where motion did nothing but ask the court to reexamine unfavorable ruling, absent a manifest error of law or fact).

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [33]**, is **DENIED**.

2. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 7, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record